IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EARL R. PITTS,**

        **Plaintiff,**

   v.

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

        **Defendant.**

Case No. 2:13-cv-740
JUDGE GREGORY L. FROST
Magistrate Judge Norah M. King

## OPINION AND ORDER

This action seeks review under 42 U.S.C. § 405(g) of a final decision of Defendant, Carolyn W. Colvin, the Commissioner of Social Security, that denied an application for disability and supplemental security income benefits filed by Plaintiff, Earl R. Pitts. On April 22, 2014, the United States Magistrate Judge recommended that the Court overrule the statement of errors and enter judgment in favor of Defendant. (ECF No. 21, at Page ID # 843.) The matter is now before the Court for consideration of Plaintiff's objections (ECF No. 22) to the Magistrate Judge's Report and Recommendation (ECF No. 21).

### I. Discussion

#### A. Standard Involved

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.' " *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is such relevant evidence as a reasonable mind might accept to support the ALJ's conclusions. *Bass v. McMahon*, 499 F.3d 506, 506 (6th Cir. 2007).

Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B. Analysis**

This case arose after the Administrative Law Judge ("ALJ") denied Plaintiff's social security disability claim. The denial came after numerous doctors had evaluated Plaintiff and his medical history over the course of several years. Dr. Kent Rowland evaluated Plaintiff and made findings that were supportive of Plaintiff's mental impairment disability claim. Several other

evaluations were either inconclusive or adverse to Plaintiff's mental impairment disability claim. After consideration of the evidence, the ALJ determined that the medical opinion of Dr. Rowland should be given "little weight" because Dr. Rowland suspected that Plaintiff was exaggerating his symptoms. (ECF No. 13-2, at Page ID # 72.) Additionally, the ALJ found Plaintiff's testimony regarding his limitations to be "not credible." (ECF No. 13-2, at Page ID # 70.) The Magistrate Judge concluded that there was substantial evidence to support the ALJ's findings and recommended that the ALJ's decision should be upheld. The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.

Plaintiff's first objection involves the Magistrate Judge's conclusion that the ALJ provided good reasons for assigning "little weight" to Dr. Rowland's medical opinion and that those reasons were supported by substantial evidence. Plaintiff specifically argues that the Magistrate Judge erred because she did not consider one of the allegations in Plaintiff's Statement of Specific Errors. In his Statement of Specific Errors, Plaintiff argued that Dr. Rowland's notation regarding Plaintiff exaggerating his statements did not apply to all of Plaintiff's statements. Plaintiff argued that Dr. Rowland's notation was only in reference to Plaintiff's cognitive functionality, not Plaintiff's entire mental health. Here, Plaintiff argues that the Magistrate Judge erred because she did not specifically address that argument.

Plaintiff also argues that the Magistrate Judge erred when she agreed with the ALJ's determination that there were stark differences between the Dr. Rowland evaluation and a subsequent evaluation that took place at Six Counties, Inc. less than a month later. That portion of the objection deals only with the degree of differentiation between the medical opinions; it is undisputed that there were some differences between the two evaluations. Plaintiff's objection here, however, does nothing to undermine the Magistrate Judge's analysis.

3

The problem with Plaintiff's first objection is that he focuses on the substance of Dr. Rowland's testimony rather than the standard by which the ALJ's decision is tested. In order for the ALJ's decision to be overturned, Plaintiff must show that the decision is not supported by substantial evidence. Review of the record, however, indicates that there is substantial evidence to support the ALJ's finding that Dr. Rowland's opinion should be given "little weight." First, Dr. Rowland's medical opinion was "not consistent with the preponderance of the medical evidence." (ECF No. 13-2, at Page ID # 72.) Second, Dr. Rowland found "marked and extreme limitations when he himself noted that [Plaintiff] was likely exaggerating his statements." *Id.* Third, there were several inconsistencies between Dr. Rowland's evaluation and a subsequent evaluation that took place one month later. *Id.* The Magistrate Judge held that the ALJ's analysis of these factors was "sufficiently specific" and that the ALJ "considered the appropriate factors in evaluating Dr. Rowland's opinion." (ECF No. 21, at Page ID # 838.) In light of these factors, there was substantial evidence to support the ALJ's decision to afford Dr. Rowland's report "little weight." The Magistrate Judge correctly considered the proper factors in her evaluation of the ALJ's decision, and the fact that she did not agree with Plaintiff's interpretation of the evidence is not enough to constitute a reversible error.

Plaintiff's second objection involves the Magistrate Judge's conclusion that there was substantial evidence to support the ALJ's determination that Plaintiff lacked credibility. Plaintiff contends that the Magistrate Judge incorrectly focused on Plaintiff's subjective complaints when she assessed the ALJ's determination. Again, Plaintiff errs by focusing on only one component of a comprehensive analysis. The Magistrate Judge is not required to focus her attention on any single portion of the evidence; rather, her only obligation is to examine the ALJ's credibility determination and to decide whether that determination is supported by substantial evidence.

Here that evidence consisted of the ALJ's finding that there was, "*inter alia*, a lack of objective evidence to support plaintiff's allegations of physical limitations, inconsistencies in plaintiff's daily functioning and alleged symptoms, a lack of regular treatment and psychotherapy, and a failure to take medication on a consistent basis." (ECF No. 21, at Page ID # 842.) It is the ALJ's prerogative to assess both subjective and objective evidence when determining the credibility of a plaintiff. It is not incumbent upon the ALJ to ascribe equal weight to both categories of evidence. Nor is such a requirement placed upon the Magistrate Judge. The Magistrate Judge was correct in finding that the ALJ's decision was supported by substantial evidence.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 21.) The Court therefore **OVERRULES** Plaintiff's objections (ECF No. 22) and the statement of errors (ECF No. 14) and **ORDERS** that judgment be entered in favor of Defendant. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE